# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | CR425-064 |
| KENISHA T. RIVERS, | ) ) | |
| Defendant. | ) | |

## ORDER

Defendant Kenisha T. Rivers previously moved, *in limine*, to preclude the Government from presenting a video recording of her conduct in a holding cell after the events that precipitated the pending charges. *See* doc. 48. After briefing, *see id.* & doc. 51, and argument at the pretrial conference on April 6, 2026, doc. 66, the Court concluded that the video was inadmissible, under Federal Rule of Evidence 403, because the risk of unfair prejudice substantially outweighed its probative value. *See* doc. 68; *see also* doc. 66. The Government filed what it characterized as a Motion for Reconsideration of that Order. Doc. 69. Defendant responded in opposition. Doc. 72. For the reasons explained below, the Government's Motion is **DENIED**. Doc. 69.

First, the Court must acknowledge, as do both parties, that the Motion is not a paradigmatic reconsideration request. The Government is explicit that it does not contend that the Court's original determination that the video was inadmissible was erroneous. *See* doc. 69 at 1 n. 1. Given that concession, as Defendant's response correctly points out, the Motion does not address the otherwise-applicable standard for reconsideration. *See* doc. 72 at 3-4; *see also, e.g., United States v. Faller*, 2020 WL 1502983, at *1 (S.D. Ga. Mar. 24, 2020). However, the Government's Motion explains that it seeks reconsideration of admissibility of "the evidence," subject to its proposed modifications. *See* doc. 69 at 2. To the extent that the Government seeks to proffer modified evidence, its Motion is not as procedurally awkward as its title might suggest. As the Supreme Court has observed, a trial judge "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41-42 (1984); *see also, e.g., Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000) (citing *Luce*, 469 U.S. at 41-42) ("[*I*]*n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."). Given the nature of *in limine* rulings, it is clear that they are subject to

2

reconsideration on a substantially lower standard than more typical requests and at any appropriate time.

Although the Government's request is procedurally proper, it remains substantively flawed. The Court's Scheduling Order imposed a deadline for the parties to submit exhibits, doc. 46 at 3, which, as modified, was 5:00 p.m. on Friday, April 3, 2026, doc. 65. The exhibits that the Government now proposes to admit,[1] while they are products of the previously submitted exhibit, are, effectively, new. As Defendant's response points out, if the Court were to permit the introduction of new exhibits less than a full business day before trial will commence, she would be, to say the least, "disadvantage[ed]." Doc. 72 at 4. The Court,

---

[1] An additional problem with the Government's Motion, which the Court does not rely upon in rejecting it, is that it did not file the referenced exhibits. *See generally* doc. 69. The Court is aware that they were uploaded to the Government's criminal discovery management platform, "USAFx," and, it appears, Defendant's counsel was able to view them through that platform, *see, e.g.,* doc. 72 at 5. The Court's Local Rules do not permit the Government to submit exhibits to filings merely by posting them to USAFx. *See, e.g.,* S.D. Ga. LR Crim. 1C. Even if they did, the Government's Motion does not even suggest that the Court should have looked there. *See generally* doc. 69. It is only through the insight and diligence of the undersigned's courtroom deputy clerk that the Court is even aware that the exhibits are available on that platform. Because they have not been *properly* presented for the Court's consideration, it has not reviewed them. The Government's failure to present the Court with the exhibits it seeks to admit might, alone, be fatal to its request. However, because, regardless of their content, the excerpts constitute new, untimely, exhibits, the Government's Motion would still be denied.

therefore, declines to excuse the untimely proffer of the proposed exhibits.

Finally, the Government asserts a hypothetical argument that the originally excluded video, or a portion of it, might be admissible as rebuttal evidence. Doc. 69 at 2-3. Defendant disputes the scope of circumstances in which it might be so admissible. Doc. 72 at 6. The argument is unavailing for the more fundamental reason that it is simply not ripe. Any discussion of the circumstances, if any, in which the video might be admissible would be, at this point, purely advisory. As such, the Court expresses no opinion on whether or how the currently excluded video might become admissible during the course of trial. *Cf. Knight v. Fla. Dept. of Corr.*, 936 F.3d 1322, 1338 (11th Cir. 2019) (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968)) ("[I]t is quite clear that the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." (internal quotation marks omitted)).

In summary, the Court finds that the excerpts of the previously excluded video constitute new, and therefore untimely, exhibits. Because the admission of such new exhibits so close to the commencement of the

trial would substantially prejudice the Defendant, the Court declines to excuse their untimeliness. To the extent that the Government offers an argument for their admission that is currently hypothetical, any opinion the Court might express would be advisory. Accordingly, the Government's Motion is **DENIED**. Doc. 69.

**SO ORDERED,** this 10th day of April, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA